

AUG 0 5 2008

CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | BENJAMIN E. STOCKMAN<br>*Assistant Corporation Counsel*<br>phone: (212) 788-1177<br>fax: (212) 788-9776<br>bstockma@law.nyc.gov |

August 5, 2008

**BY HAND**
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/08
```

        Re:    Solomon Ayodele v. New York Police Department, et al.
               07 Civ. 8573 (PKC)(JCF)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and New York City Police Department in the above-referenced case. On May 7, 2008, defendants served plaintiff with defendants' First Set of Interrogatories and Request for Documents at the initial conference held by the Court and plaintiff's responses were due on June 6, 2008. To date we have received no response, and accordingly we write to respectfully request that plaintiff be ordered to respond to these interrogatories and document requests by August 15, 2008. Moreover, defendants further respectfully request that if plaintiff fails to respond to these requests and provide an updated address by August 15, 2008, that the Court recommend that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to comply with a court order pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A).

        On July 10, 2008, defendants sent plaintiff a letter advising him that his responses were past due and requested that he respond by July 21, 2008. In the letter, defendants advised plaintiff that if he did not respond defendants would seek judicial intervention. Defendants sent the letter to plaintiff's last known address: 298 St. Marks Place, SB1, Staten Island, NY 10301. That letter was subsequently returned to this office as "return to sender—not deliverable as addressed—unable to forward."[1] All further attempts to contact plaintiff have failed, including

---
[1] A copy of defendants' July 10, 2008 letter and returned envelope are appended hereto.

phone calls to his last known telephone number, which has been disconnected. Upon information and belief, plaintiff has not contacted defendants or the Court to advise them of his new address.

To date, plaintiff has not even fulfilled the minimal requirement that he keep the Court informed of his current address. <u>Hibbert v. Apfel</u>, 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *5-6 (S.D.N.Y. July 14, 2000)(it is plaintiff's obligation to inform the Court's Pro Se Office of any change of address).[2] The only address provided by plaintiff to defendants was the Staten Island address, which is also the only address listed for plaintiff on the Court's docket sheet. Plaintiff did contact defendants by telephone on June 10, 2008, to discuss settlement, but did not provide a change of address or telephone number. That phone call was the last time defendants have had any contact with plaintiff.

In addition to plaintiff's failure to respond to defendants' interrogatories and document requests, the fact that defendants have been unable to reach plaintiff has prevented defendants from scheduling plaintiff's deposition, or the depositions of any non-parties. As discovery is scheduled to close on August 29, 2008, should plaintiff fail to provide defendants and the Court with an updated address and telephone number where he can be reached, by August 15, 2008, defendants respectfully request that the Court recommend that this case be dismissed for failure to prosecute. See <u>Hibbert</u>, 200 U.S. Dist. LEXIS 9791 (case dismissed for failure to prosecute where pro se plaintiff failed to provide the court with an updated address).

Accordingly, defendants respectfully request that (1) plaintiff be compelled to provide responses to defendants' First Set of Interrogatories and Requests for the Production of Documents by August 15, 2008; (2) that plaintiff be compelled to provide an updated address and telephone number where he can be reached by August 15, 2008; and (3) should plaintiff fail to respond to defendants' interrogatories or document requests or provide an updated address and phone number by August 15, 2008, that the Court recommend that this case be dismissed for failure to prosecute and failure to follow a court order.

I thank the Court for its time and consideration of these requests.

> 8/6/08
>
> Plaintiff shall provide the requested discovery by August 30, 2008, failing which the complaint may be dismissed.
>
> SO ORDERED.
> James C. Francis IV
> USMJ

Respectfully submitted,

Benjamin E. Stockman
Assistant Corporation Counsel
Special Federal Litigation Division

---

[2] In accordance with Local Civil Rule 7.1(c), a copy of this decision is appended to the copy of this letter served on plaintiff.

2

cc: Mr. Solomon Ayodele (By First Class Mail to last known address)
Plaintiff *Pro Se*
298 St. Marks Place, SB1
Staten Island, NY 10301



| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | BENJAMIN STOCKMAN<br>*Assistant Corporation Counsel*<br>(212) 788-1177<br>(212) 788-9776 (fax)<br>bstockma@law.nyc.gov |
|---|---|---|

July 10, 2008

**BY MAIL**
Mr. Solomon Ayodele
298 St. Marks Place, SB1
Staten Island, NY 10301

      Re:   Solomon Ayodele v. City of New York, et al.
             07 Civ. 8573 (PKC)(JCF)

Dear Mr. Ayodele:

      Defendants served their First Set of Interrogatories and Request for the Production of Documents on plaintiff by hand at Magistrate Judge Francis' initial conference on May 7, 2008, and thus, plaintiff's responses were due on June 6, 2008. As of this writing, defendants have not received plaintiff's responses. Therefore, please respond as soon as possible, since these responses are past due. If defendants do not receive plaintiff's responses by July 21, 2008, defendants will seek judicial intervention to compel responses and/or preclude plaintiff from introducing evidence that has not yet been disclosed at trial. Moreover, as these responses are past due, all objections have been waived. Paralikas v. Mercedes Benz, LLC, CV 07-0918 (ERK)(WDW), 2008 U.S. Dist. LEXIS 1929, at *1-*3 (E.D.N.Y. January 9, 2008) (all objections waived by party's failure to timely respond to discovery requests); Eldaghar v. City of N.Y. Dep't of Citywide Admin. Services, 02 Civ. 9151 (KMW)(HBP), 2003 U.S. Dist. LEXIS 19247 at *2 (S.D.N.Y. Oct. 20, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver.") (collecting cases); see also Fed R. Civ. P. 33(b)(4)("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure").

                                                           Respectfully submitted,

                                                           Benjamin E. Stockman
                                                           Assistant Corporation Counsel
                                                           Special Federal Litigation Division

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

NIXIE    112   DC  1         DO 07/17/08
    RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
    UNABLE TO FORWARD
BC: 10007266699    *0745-01775-10-42

Solomon Ayodele
298 St. Marks Place
SB1
Staten Island, NY 10301

FOR POLICE & FIRE EMERGENCY ONLY
DIAL 911