```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
SOLOMON AYODELE,                    : 07 Civ. 8573 (PKC) (JCF)
                                    :
          Plaintiff,                :       REPORT AND
                                    :       RECOMMENDATION
     - against -                    :
                                    :
NEW YORK POLICE DEPARTMENT,         :
(N.Y.P.D.), MR. JOHN DOE OF         :
N.Y.P.D., and CITY OF NEW YORK,     :
                                    :
          Defendants.               :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE P. KEVIN CASTEL, U.S.D.J.:
```

Solomon Ayodele brings this action pro se pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his constitutional rights when he was arrested without probable cause and then assaulted by other inmates while he was detained. Mr. Ayodele has sued the City of New York (the "City"), the New York City Police Department (the "NYPD"), and a John Doe defendant, who is presumably the arresting officer. The City and the NYPD were served with the summons and complaint, and they have submitted a letter motion seeking to dismiss the action based on the plaintiff's failure to prosecute and his failure to abide by a discovery order. For the reasons that follow, I recommend that the motion be granted.

Background

Mr. Ayodele alleges that on July 16, 2007, he was arrested at the 14th Street subway station in Manhattan, apparently for harassing a woman on the platform. While detained awaiting trial,

1

he was abused by other inmates and also suffered injuries when he fell down a flight of stairs. (Complaint, Statement of Claim; Amended Complaint, Statement of Claim).

Mr. Ayodele initially submitted a Complaint dated April 9, 2007. After a preliminary review, the Honorable Kimba M. Wood, Chief Judge, dismissed that Complaint without prejudice because it did not name any individual defendant, did not set out the basis for municipal liability, alleged no conduct arising to the level of a constitutional violation in connection with the plaintiff's slip-and-fall, and did not allege that the defendants acted with deliberate indifference to his safety when he was assaulted by other inmates. (Order dated Oct. 3, 2007). The Court permitted him to submit a new pleading remedying these defects, and he filed an Amended Complaint on October 16, 2007.

At an initial pretrial conference on May 7, 2008, the defendants served Mr. Ayodele with their First Set of Interrogatories and Request for Documents. Responses were due on June 6, 2008. When the plaintiff did not respond, defendants' counsel sent him a letter on July 10, 2008, advising him that his answers were overdue and that the defendants would seek court intervention if he did not respond by July 21, 2008. Counsel sent this letter to the address listed on his Amended Complaint and in the Court's docket sheet. However, the letter was returned as undeliverable.

The defendants then sent a letter to the Court dated August 5, 2008, seeking an order compelling Mr. Ayodele to respond to the outstanding discovery requests and asking that his action be dismissed if he did not. I issued a Memorandum Endorsement dated August 6, 2008, stating, "Plaintiff shall provide the requested discovery by August 30, 2008, failing which the complaint may be dismissed." I sent a copy of this order to a second address that the plaintiff had supplied at the pretrial conference, but that order was also returned as undeliverable. When no discovery responses were forthcoming, defendants' counsel submitted a letter dated September 5, 2008, asking that the case be dismissed.

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction. Rule 41(b) provides in pertinent part that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Dismissal under Rule 41(b) is a harsh remedy that is only appropriate in extreme circumstances. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993). When the plaintiff is proceeding pro se, the

3

court should be particularly hesitant to dismiss the action on the basis of a failure to follow proper procedures. See Spencer, 139 F.3d at 112. Nevertheless, "litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

Mr. Ayodele has delayed this case more than four months by failing to respond to discovery requests that were due in June. Furthermore, there is no end in sight to the current delay, since there is no way to know when the plaintiff might reemerge and seek to revive this litigation.

Mr. Ayodele received explicit notice of the consequences of his failure to cooperate in discovery. In my Memorandum Endorsement dated August 6, 2008, I advised him that failure to

provide the requested discovery would result in dismissal. He responded to my warning by ignoring the order. Moreover, since Mr. Ayodele failed to respond to my order and the defendants' motion to dismiss, he has also failed to dispute that he was notified of the consequences of his continued failure to cooperate in discovery. See Dodson v. Runyon, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) (pro se plaintiff failed to respond to motion to dismiss and so failed to dispute that he was notified of consequences of failure to prosecute), aff'd, 152 F.3d 917 (2d Cir. 1998).

The delay created by the plaintiff's refusal to cooperate with discovery requests is clearly prejudicial. See United States ex rel. Roundtree v. Health and Hospitals Police Department, No. 06 Civ. 212, 2007 WL 1428428, at *1-2 (S.D.N.Y. May 14, 2007) (case dismissed because plaintiff failed to provide court or defendants with contact information); Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's discovery requests). The plaintiff's non-compliance has left the defendants unable even to begin to prepare this case, since the requested discovery would provide the basic information necessary to proceed.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having his day in court must, in this instance, favor dismissal. While one case more

5

or less has little impact on the Court's docket, Mr. Ayodele's claim on the Court's time is undermined by his failure to comply with his discovery obligations under the Federal Rules. See Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

No sanction short of dismissal is appropriate. In a case where a party's delay has caused the adversary only to incur expenses, monetary sanctions may be sufficient. But here, in addition to incurring the cost of moving to compel discovery, the defendants have also suffered prejudice in their ability to prepare for trial. And, while an adverse inference might in some circumstances be a sufficient remedy, that is not the case here. The discovery that the plaintiff has failed to produce goes to the heart of his case. Consequently, while an adverse inference would ultimately be fatal to his claims, it would be unfair to require the defendants to expend still more resources to reach the inevitable result of dismissal.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' motion be granted and the action be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report

and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, Room 2260, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 10, 2008

Copies mailed this date:

Solomon Ayodele
250 West 131st Street
New York, New York 10027

Benjamin Stockman, Esq.
Assistant Corporation Counsel
100 Church Street, Room 3-155
New York, New York 10007